UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEAL CLIPPER,<br><br>                            Plaintiff,<br><br>   - against -<br><br>BRAVO MEDIA LLC<br><br>                            Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Neal Clipper ("Clipper" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Bravo Media LLC ("Bravo" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of two copyrighted photographs of The Real Housewives of New Jersey television star Teresa Giudice with her husband Joseph Giudice at their wedding, owned and registered by Clipper, a New Jersey based photojournalist. Accordingly, Clipper seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides in and/or are transacting business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Clipper is a professional photographer, having a usual place of business at 416 East Central Blvd, Palisades Park, New Jersey, 07650.

6.      Upon information and belief, Bravo is a domestic limited liability corporation duly organized and existing under the laws of the State of New York, with a principal place of business at 30 Rockefeller Plaza, New York, New York 10112. At all times material hereto, Bravo has owned and operated a website at the URL: www.bravotv.com (the "Website").

## STATEMENT OF FACTS

**A.      Background and Plaintiff's Ownership of the Photograph's**

7.      On or about October 23, 1999, Clipper photographed The Real Housewives of New Jersey star Teresa Giudice and Joseph Giudice at their wedding (the "Photograph"). A true and correct copy of the Photographs are attached hereto as Exhibit A.

8.      Clipper is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

9.      The Photographs were registered with Copyright Office and was given Copyright Registration Number VA 000 200 7067.

**B.      Defendant's Infringing Activities**

10. Upon information and belief, Bravo ran an article on the Website entitled *The Real Housewives of New Jersey*. See http://www.bravotv.com/the-real-housewives-of-new-jersey/photos/before-they-were-housewives-teresa/item/9450986 and http://www.bravotv.com/the-real-housewives-of-new-jersey/photos/before-they-were-housewives-teresa/item/9451071. The article prominently featured the Photographs. A true and correct copy of the article is attached hereto as Exhibit B.

11. Bravo did not license the Photographs from Plaintiff for its article, nor did Bravo have Plaintiff's permission or consent to publish the Photographs on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST BRAVO)**
**(17 U.S.C. §§ 106, 501)**

12. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

13. Bravo infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Bravo is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

14. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

15. Upon information and belief, the foregoing acts of infringement by Bravo have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

16. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

17. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST BRAVO**
**(17 U.S.C. § 1202)**

18. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-17 above.

19. Upon information and belief, in its article on the Website, Bravo intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photographs.

20. The conduct of Bravo violates 17 U.S.C. § 1202(b).

21. Upon information and belief, Bravo's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

22. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Bravo intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs. Bravo also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs.

23. As a result of the wrongful conduct of Bravo as alleged herein, Plaintiff is entitled to recover from Bravo the damages, that he sustained and will sustain, and any gains, profits and

advantages obtained by Bravo because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

24. Alternatively, Plaintiff may elect to recover from Bravo statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Bravo be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Bravo be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202;

3. Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203 (b);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
December 5, 2016

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Neal Clipper*